UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES B. YOAKUM, *et al.*, | § | |
| | § | |
|    *Plaintiffs*, | § | |
| | § | CIVIL ACTION H-10-00278 |
| v. | § | |
| | § | |
| PBK ARCHITECTS, INC., | § | |
| | § | |
|    *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiffs' renewed motion for conditional certification of an FLSA collective action and notice to potential class members (Dkt. 38). After review of the motion, the response, the additional filings, and the applicable law, the court is of the opinion that plaintiff's motion should be GRANTED.

**BACKGROUND**

Plaintiffs are three construction services representatives ("CSR") for Defendant PBK Architects, Inc. ("PBK") who worked at various construction sites observing general construction work being performed according to plans prepared by architects at PBK. Plaintiffs claim that they regularly worked more than 40 hours a week, yet they did not receive overtime pay as required under the Fair Labor Standards Act ("FLSA"). Plaintiffs also claim that there are other similarly situated CSRs that likewise did not receive overtime pay to which they were entitled. Two prospective "opt-in" plaintiffs were not classified as CSRs by PBK, but were field representatives who plaintiffs allege had similar responsibilities as CSRs, but with respect to mechanical, electrical, and plumbing ("MEP") matters on job sites. Plaintiffs seek conditional certification of a collective

action for CSRs and other field representatives employed by PBK who were all classified as exempt administrative employees by PBK and, hence, denied overtime pay.

## ANALYSIS

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) also permits an employee to bring suit against an employer on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Employees who wish to participate in a § 216(b) collective action must affirmatively "opt in" by filing with the court a written consent to become a party. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c); in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt out" of the suit if they do not wish to participate. *Lachappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a § 216(b) action, most federal courts (including this court) have adopted the *Lusardi* test when deciding these issues. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace , Inc. v. Costa*, 539 U.S. 90, 90-91, 123 S. Ct. 2148 (2003) (discussing but declining to adopt the test applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)); *Badgett v. Tex. Taco Cabana, L.P.*, No. H-05-3624, 2006 WL 2934265, at *1-2 (S.D. Tex. Oct. 12, 2006). Under the *Lusardi* test, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis. *Mooney*, 54 F.3d at 1213.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Badgett*, 2006 WL 2934265, at *1. At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members. *See Mooney*, 54 F.3d at 1213. The decision is made using a "fairly lenient standard," because the court often has minimal evidence at this stage of the litigation. *Id.* at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan. . ." *Id.* (quoting *Sperling*, 118 F.R.D. at 407). Thus, notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006 WL 2934265, at *1. After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.[1]

At the initial conditional certification stage, courts generally "require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 n.8 (internal quotations and citations omitted). Field officers for the defendant, whether CSRs or those who were devoted solely to mechanical, electrical, and plumbing matters, are alleged by plaintiffs to be "together the victims of a single decision, policy or plan." *Id*. As the court has already noted, this is not an exacting standard. *Id*.

---

[1] After notice issues, the action proceeds as a representative action. *Mooney*, 54 F.3d at 1214. The second stage of the *Lusardi* approach—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the action to proceed. *Id.*

The plaintiffs bear the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* Plaintiffs must make a **minimal** showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.*, No. G-07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (referencing *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007), and *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007)). A court may deny conditional certification and notice "'if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Id.* (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). However, the court "'need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated.'" *Id.* (quoting *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 106 (D. Conn. 2007)). The "remedial nature of the FLSA and the purposes of Section 216 militate strongly in favor of allowing cases to proceed collectively." *Roussell v. Brinker Int'l, Inc.*, No. H-05-3733, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008). Where job duties of putative class members vary significantly and in relevant respects, class certification should be denied. *Aguirre v. SBC Commc'ns, Inc.*, No. H–05–3198, 2007 WL 772756, at *9 (S.D. Tex. Mar. 12, 2007).

The court previously denied a motion to certify without prejudice, and in doing so found that the first step of the conditional certification test had been met. Dkt. 24. The court denied the motion without prejudice because an insufficient showing had been made at the third step. *Id.* More specifically, the court noted that the single proposed consent then presented by a potential class

4

member was not enough to establish that potential class members wanted to opt in. *Id*., citing *Ali v. Sugarland Petroleum*, No. 4:09-cv-0170, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009) (holding that, under the facts of that case, one affidavit was not enough to support conditional certification); *Morales v. Thang Hung Corp.*, No. 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (declining to conditionally certify a class when the plaintiff's affidavit claimed there were three individuals who wished to join the suit but there was only one consent to join the collective action on file with the court); *Badgett,* 2006 WL 2934265, at *3 (not certifying the class when the three plaintiffs had only offered evidence of one additional employee potentially desiring to opt in). Now, however, two other plaintiffs have joined the case, and four other potential class members seek permission to join. Dkts. 26, 34, 42. Thus, the court now finds that the third requirement has been met—there are now several class members who wish to opt in.

The court must now turn to the second step of the test, and determine whether plaintiffs have met the minimal showing necessary to establish that the potential collective plaintiffs are similarly situated.

PBK is a "multi-disciplined architectural and engineering firm" with a specialty in "educational facilities." Dkt. 50 at 2 n. 1. Each CSR employed by PBK is, in PBK's view, an "on-site representative and proxy for the architects and PBK and for PBK's clients, the owners of the construction sites." *Id*. at 6. The parties agree that CSRs all operate under the same job description that requires them to travel to construction sites and determine whether the construction work is in conformity with the plans and specifications prepared by PBK architects, and to report on the progress of the work, etc. Plaintiffs have also presented evidence that MEP field representatives perform virtually identical functions with respect to construction sites, "except with respect to mechanical, electrical and plumbing aspects" of those construction projects. Dkt. 46-3.

5

PBK argues that CSRs are not, as a group, "similarly situated" to one another because, although they shared a single job description, there are differences in daily activities from CSR to CSR (e.g., some are more senior than others) and even from job site to job site. PBK also argues that field representatives from the MEP division are from an entirely different department at PBK, had little interaction with CSRs, and that their responsibilities also differ from a CSR's responsibilities because they address different aspects of a construction project. Nonetheless, PBK does not contest that "MEP" field representatives are, as plaintiffs evidence suggests, the "eyes and ears" of the company on construction sites as are CSRs, and that they are subject to similar job duties and the same company policy with respect to overtime pay.

The court finds that the differences in duties identified by PBK between "MEP" field representatives and CSRs, and the variances in experience between individual CSRs, and the slight variations in their duties from job site to job site, are not the type of differences that make a collective action inappropriate. In this sense, "similarly situated" means that the potential class members are:

> "similarly situated" with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar. A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.

*Yaklin v. W–H Energy Servs., Inc.*, No. C–07–422, 2008 WL 1989795, at *2 (S.D.Tex. May 2, 2008) (Jack, J.) (unpublished) (internal quotations and citations omitted). It is only when the job duties of putative class members vary *significantly* that class certification should be denied. See, e.g., *Aguirre*, 2007 WL 772756 at *9. In short, employees need not be identically situated in order to pursue a collective action against an employer. *Johnson v. Big Lots Stores, Inc.*, Nos. 04–3201, 05–6627, 2007 WL 5200224, at *9 (E.D. La. Aug. 21, 2007) (unpublished) ("To pursue claims

6

against an employer, plaintiffs must be similarly situated. They do not have to be identically situated." (emphasis omitted)). PBK is, in the court's view, essentially arguing that the potential class members do not have identical positions and, accordingly, that they should not be permitted to proceed collectively.

In this case, plaintiffs seek to pursue a collective action that groups together PBK employees who were sent out to construction sites to observe, report back, and attempt to work out any perceived issues with the contractor's superintendent. The court sees no meaningful distinction for purposes of the "similarly situated" step of the *Lusardi* test arising from the fact that not every CSR had the same experience, that some CSRs may have exercised more authority than others, or that field representatives from the MEP division address different aspects of the construction projects than CSRs. The similarities in the duties far outweigh these relatively minor differences. Every member of the prospective class was tasked with taking PBK's drawings and specifications, traveling to various job sites, and making observations concerning the progress of the work and whether the work was in accordance with those drawings and specifications. Plaintiff has also presented evidence that each proposed member of the class not paid overtime pay on the basis that they are administrative employees. Thus, plaintiffs have made the required showed of substantial similarity, and the matters identified by PBK do not separate the proposed class members in a *meaningful* way, i.e., these differences in duties are not sufficient to make a collective action inappropriate at this stage.[2]

---

[2] As noted above, the court may again take up the issue of similarly situated at the conclusion of discovery.

## CONCLUSION

For the reasons set forth above, the renewed motion to certify class and to provide notice (Dkt. 38) is GRANTED.

The Court further ORDERS that the notice attached as Exhibit A to Plaintiff's Original Motion (Dkt 16-1) is approved by this court. Such notice shall be mailed by first class U.S. Mail, with a copy to Defendant's counsel, at Plaintiffs' attorneys' expense. The notice shall include a Consent to Join Collective Action attached as Exhibit B to Plaintiff's Original Motion (Dkt. 16-2) and a return-addressed stamped envelope. Potential plaintiffs will have sixty (60) days from receipt of the notice to execute the Consent to Join Collective Action and return the consent to Plaintiffs' counsel for filing with this Court. Within 5 days of the date of this order, PBK shall update the addresses and contact information for the list of PBK employees previously provided to Plaintiffs' counsel with any new updated addresses and contact information.

It is so ORDERED.

Signed at Houston, Texas on October 4, 2011.

_____
Gray H. Miller
United States District Judge