UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES B. YOAKUM, WILLIAM MATTHEW MURPHY, and CHAD ALLEN MORGAN, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION H-10-00278 |
| v. | § § | |
| PBK ARCHITECTS, INC., | § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant PBK Architects, Inc.'s ("PBK") renewed motion for summary judgment.  Dkt. 50.  After considering the motion, the response, the additional briefing, and the applicable law, the motion is DENIED.

**I. BACKGROUND**

Plaintiffs James B. Yoakum, William Matthew Murphy, and Chad Allen Morgan, were construction services representatives ("CSRs") for Defendant PBK Architects, Inc. ("PBK"). Plaintiffs each claim that they regularly worked more than 40 hours a week, yet did not receive overtime pay in violation of the Fair Labor Standards Act ("FLSA").  PBK moves for summary judgment on the basis that the named plaintiffs are not entitled to overtime pay because CSRs are exempt from the FLSA overtime requirements pursuant to the "administrative employee" exemption. Dkt. 50.  Plaintiffs responded.  Dkt. 53.  A reply and sur-reply have also been filed.  Dkts. 54, 55.

**LEGAL STANDARD**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c)**.**  The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  Additionally, the party moving for summary judgment must show the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case.  *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir. 1997).  A party opposing a motion for summary judgment may not rest upon the allegations of his pleadings, but rather must set forth specific facts showing that there are genuine issues for trial.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant.  *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163-64 (5th Cir. 2006).  The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence, disregard all evidence favorable to the moving party that the jury is not required to believe, and give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached.  *Jones v. Robinson Property Group*, *L.P.*, 427 F.3d 987, 993 (5th Cir. 2005).  However, the non-movant cannot avoid summary judgment simply by presenting conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic arguments.  *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  By the same token, the moving party will not meet its burden of proof

based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

## ANALYSIS

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207 (a)(1). However, an employer is not required to pay overtime compensation to an employee employed in a bona fide administrative capacity. 29 U.S.C. § 213(a)(1). An employee in an administrative capacity is one:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week ...;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200. Determining whether an exemption from the FLSA applies " 'is primarily a question of fact' " but the " 'ultimate decision whether an employee is exempt from the FLSA's overtime compensation provisions is a question of law.' " *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006) (citations omitted). More specifically, whether a particular duty is exempt presents a legal question, but the amount of time devoted to particular duties, and the significance of those duties, are issues of fact. *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S.Ct. 1527 (1986). FLSA exemptions are construed "narrowly" and "the burden of proof lies with the employer." *Cheatham*, 465 F.3d at 584.

### *A. CSR Duties*

PBK is a "multi-disciplined architectural and engineering firm" with a specialty in "educational facilities." Dkt. 50 at 2 n. 1. Each CSR employed by PBK is, in PBK's view, an "on-site representative and proxy for the architects and PBK and for PBK's clients, the owners of the construction sites." *Id*. at 6. CSRs generally are assigned more than one construction site, and they traveled from site to site. Yoakum's supervisor, Greg Ferguson, testified that Yoakum "coordinated the work. He coordinated all the subs. He approved the work, if it was correct to his knowledge." *Id*. (quoting Ferguson Dep. 12:3-7). This, in Ferguson's view, "required [Yoakum] to exercise discretion and independent judgment 'every day he [was] on the job.'" *Id.* (quoting Ferguson Dep. 107:4-19).

PBK's president and CEO, Dan Boggio, stated that, in addition to observing the progress at a construction site and "assisting" with pay applications, CSRs "are managing PBK's entire business operations related to the construction phase of a contract we have with an owner." *Id*. (quoting Boggio Dep. 30:22-31). CSRs are also expected to identify any problems on a job site and to advise the superintendent of the general contractor of such problems. *Id*. at 10 (Ferguson Dep. 104:12-105-12). The parties agree that, if a CSR and a superintendent could not reach agreement on the perceived "problem," the CSR would need to contact an architect, and that CSRs "observed and report, but do not inspect" the construction work. Dkt. 53 at 15.

Plaintiff Yoakum explains his position as being the on-site "'eyes and ears' for the architect." *Id.* (quoting Yoakum Dep. 31:22-32:1). Plaintiffs have presented evidence that they had very limited authority and, in fact, were largely reporting back to PBK their observations at the various job sites. For example, plaintiff Yoakum testified that he could make suggestions to a superintendent, but needed to contact his supervisor at PBK if the suggestion was not followed. Dkt.

4

53-1 ¶¶ 16-17. Plaintiffs deny being able to order a work stoppage on a construction site (although PBK has provided some evidence that some CSRs believed they did have that authority). *Id.* ¶15. Every two weeks, Yoakum and the other CSRs would complete portions of pay applications made by contractors, but his participation was limited to determining the percentage of progress on the job by doing mathematical calculations of, e.g., how many windows and doors had been completed. *Id.* ¶¶ 19-20. These pay applications had to be signed and approved by a superior. *Id.* ¶ 19. The other plaintiffs have supplied similar descriptions of their job duties. Dkts. 53-20 and 53-21.

### *B. Exercise of discretion and independent judgment with respect to matters of significance.* [1]

PBK asserts that CSRs exercise discretion and independent judgment in their daily duties and cites to the non-exhaustive list of factors set forth at 29 C.F.R. § 541.202(b). Consideration of these factors is on a case-by-case basis and, as noted above, the nature and importance of any particular activity is a question of fact. The specific factors PBK believes have been met are addressed below in relation to the specific duties that are asserted to satisfy those factors.

### 1& 2. Working on "major assignments in conducting the operations of the business" and performing "work that affects business operations to a substantial degree."

In support of its argument that these two factors are met, PBK argues that plaintiffs "were expected to interpret and implement PBK's and owner's specifications" and that this involved "overseeing contractors, approving pay applications, and generally managing the entire construction

---

[1] The parties agree that the first prong of the administrative exemption test, regarding plaintiffs' salaries, is met. Plaintiffs assert that there are material disputes of fact concerning the second and third prongs of the administrative employee test, and that summary judgment is inappropriate. Because the court finds that there is a dispute of material fact concerning the third prong (involving the exercise of discretion and independent judgment), the court need not address the second prong.

phase of PBK's construction projects." Dkt. 50 at 23. However, as noted above, plaintiffs contest that they had any authority to "oversee contractors," and were simply able to make suggestions. Likewise, CSRs did not approve pay applications, and were limited to submitting the form after giving their opinion concerning whether the work necessary for that particular pay application (which may have amounted to counting the doors and windows installed, or the amount of sheet rock hung at a job site) had been completed. Plaintiffs also contest whether they "managed" the construction phase for PBK, and have provided evidence that they simply "observed and reported back" those observations. In short, there is a material dispute of fact concerning the nature and importance of plaintiffs' duties that prevents a ruling at this point concerning whether these factors from 29 C.F.R. § 541.202(b) have been met.

### *3 & 4. "Authority to commit the employer on matters that have a significant impact" and "negotiating and binding PBK on significant matters."*

PBK argues that plaintiffs "had authority to commit PBK and PBK's clients" in that they reviewed and approved pay applications, reviewed purchasing decisions of subcontractors and "instruct[ed]" contractors to fix problems. Dkt. 50 at 23. These activities are also asserted as a basis for finding that plaintiffs negotiated and bound PBK on significant matters. Again, however, plaintiffs' evidence creates material disputes of fact. The pay applications were approved by architects, not CSRs, and there is no allegation that an erroneous indication on a progress report by a CSR would somehow "commit" or "bind" PBK or the owner if it was later discovered that a payment had been made in error. Further, there is a clear dispute of fact about whether CSRs could "instruct" contractors to take or not take a specific action, or if CSRs could simply "recommend" action and then resort to supervisors if the dispute with the contractor persisted- i.e., there is a dispute whether concerning the ability to commit or bind PBK. There are, then, disputes concerning

the nature of the activities as well as the significance of those activities. Therefore, a material factual dispute exists that prevents a finding at the summary judgment stage that these factors are satisfied.

### *5 & 6. "Consultation and expert advice" and "investigating and resolving matters of significance on behalf of management."*

PBK reasserts all of the factual bases set forth above in support of the final two factors it says are met. Again, however, there are material factual disputes that prevent the court from ruling on these factors. Plaintiffs contest whether anything they did required "consultation" or "expert advice" because they had little training, and simply communicated their observations. Further, the disputes already noted about the nature and extent of CSR control over contractor conduct prevents a finding that CSRs "investigated or resolved" matters of significance.

In conclusion, and taking into account the fact that exemptions are to be narrowly construed and that the burden of proving an employee's exemption is on PBK, the court finds that PBK has failed to establish that it is entitled to summary judgment. It is, therefore, ORDERED that the renewed motion for summary judgment (Dkt. 50) is DENIED.

Signed at Houston, Texas on October 4, 2011.

_____
Gray H. Miller
United States District Judge